10-5232-cv
Price v. Mount Sinai Hosp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand twelve.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
DENNY CHIN,
    *Circuit Judges.*

----------------------------------------------------------------------

LISA PRICE,
    *Plaintiff-Appellant*,

v.                                                              No. 10-5232-cv

MOUNT SINAI HOSPITAL, MEGAN MORGAN,
MARIO NOZZOLILLO,
    *Defendants-Appellees.**

----------------------------------------------------------------------

APPEARING FOR APPELLANT:        GREGORY R. PRESTON, Preston Wilkins Martin & Rodriguez, LLC, New York, New York.

APPEARING FOR APPELLEES:        RORY J. MCEVOY (Julie L. Sauer, *on the brief*), Edwards Wildman Palmer LLP, New York, New York.

---

* The Clerk of Court is directed to amend the caption as shown above.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 29, 2010, is AFFIRMED.

Plaintiff Lisa Price appeals from an award of summary judgment in favor of defendants Mount Sinai Hospital ("Mount Sinai"), Megan Morgan, and Mario Nozzolillo on various federal and state law claims asserting discrimination and retaliation in employment. Specifically, she claims that disputed material issues of fact warranted trial on her claims under (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–213; (2) the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d); and (3) the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–54.[1]

We review the award of summary judgment de novo, see Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 101 (2d Cir. 2010), construing the evidence in the light most favorable to Price, and drawing all reasonable inferences and resolving all ambiguities in her

---

[1] Insofar as Price asserts that the record supports disability discrimination claims under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290–301, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 to 8-131, we deem any such claims waived by her failure to pursue them in the district court. Price's amended complaint pleaded race and gender discrimination in violation of the NYSHRL and the NYCHRL, and related claims of retaliation. It nowhere pleaded NYSHRL or NYCHRL disability discrimination. Nor did Price ever seek leave from the district court to add such claims to her complaint. See Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1132 (2d Cir. 1994) ("Although federal courts are inclined to grant leave to amend following a dismissal order, we do not deem it an abuse of the district court's discretion to order a case closed when leave to amend has not been sought.").

2

favor, see Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 603 (2d Cir. 2006).  We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    ADA Claim

Price submits that the district court erred in concluding that she failed to adduce sufficient evidence of disability to satisfy that element of a prima facie ADA claim.  See Giordano v. City of New York, 274 F.3d 740, 747 (2d Cir. 2001).  The version of the ADA in effect at the time of Price's termination in 2004 defined disability as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  EEOC v. J.B. Hunt Transp., Inc., 321 F.3d 69, 74 (2d Cir. 2003) (quoting 42 U.S.C. § 12102(2) (1991)), superseded by 42 U.S.C. § 12102(3) (2009) (amending ADA to state, inter alia, that "[a]n individual meets the requirement of being regarded as having [a disability] . . . whether or not the impairment limits or is perceived to limit a major life activity" (internal quotation marks omitted)).

On de novo review, we identify evidence that, at the time of termination, Price suffered from headaches, abdominal pain, weight loss, insomnia, and panic attacks, which her psychotherapist identified as symptoms of work-related stress and depression.  While these symptoms caused Price difficulty with the major life activities of sleeping and eating, see 29 C.F.R. § 1630.2(i)(1)(i) (1991),  no evidence shows that Price's impairments were substantially limiting, see 42 U.S.C. § 12102(2) (1991); Colwell v. Suffolk Cnty. Police

3

Dep't, 158 F.3d 635, 644 (2d Cir. 1998) (concluding that plaintiff failed to demonstrate that sleep difficulty was "any worse than is suffered by a large portion of the nation's adult population"), superseded by 42 U.S.C. § 12102(3)(A) (2009).  Indeed, Price concedes that these difficulties were alleviated by medication, precluding a reasonable jury finding of disability causing substantial impairments under the applicable version of the ADA.  See Sutton v. United Air Lines, Inc., 527 U.S. 471, 475 (1999), superseded by 42 U.S.C. § 12102(4)(E)(i) (2009).

Nor did Price adduce sufficient evidence to support a finding that she was "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities."  29 C.F.R. § 1630.2(j)(3)(i) (1991), superseded by 29 C.F.R. § 1630.2(j) (2011) (eliminating "class of jobs or broad range of jobs" language from regulation).  At most, the evidence shows that Price was limited in her ability to perform her job because of pressures she associated with understaffing.  This was insufficient to satisfy the ADA's disability requirement under the existing law at the time.  See id.; Felix v.  New York City Transit Auth., 324 F.3d 102, 107 (2d Cir. 2003).

Moreover, no record evidence would permit a reasonable jury to find that Mount Sinai regarded Price as disabled at the time of termination.  See 42 U.S.C. § 12102(2)(C) (1991); Colwell v. Suffolk Cnty. Police Dep't, 158 F.3d at 646 (requiring showing that employer regarded plaintiff as having "an impairment that substantially limited a major life activity").  Price fails to point to any evidence that Mount Sinai regarded her as having such an

4

impairment.[2] She does not recall giving supervisors any of the details of her medical condition, and her doctors' communications to Mount Sinai indicate no more than that she was suffering from headaches and abdominal pain. A jury could not reasonably infer from Mount Sinai's mere decision to allow Price to take medical leave that Mount Sinai believed she was suffering from an impairment that substantially limited major life activities.

2.    ADA Retaliation Claim

In challenging the award of summary judgment on her ADA retaliation claim, Price submits that she adequately demonstrated that she engaged in a protected activity by (1) complaining of disparate treatment to Daniel Kearney and (2) seeking medical leave. Price waived the first argument by failing to pursue it in the district court. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132–34 (2d Cir. 2008). Even if the argument were not waived, it fails because Price's vague references to complaints of disparate treatment are insufficient to allow meaningful appellate review. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998). The second argument fails at the pretext step of analysis for the same

_____

[2] Price suggests that the fact that Mount Sinai allowed her leave under the FMLA itself suggests that Mount Sinai regarded her as having a disability. Without more, however, this evidence is not enough to defeat the summary judgment motion. First, an employer who determines that an employee has a "serious health condition" under the FMLA, 29 U.S.C. § 2612(a)(1)(D), does not necessarily regard that employee as having a disability under the ADA. Moreover, as courts have convincingly observed, accepting Price's argument here would "discourage employers from taking . . . preliminary or temporary steps to keep their employees happy for fear that showing concern for an employee's alleged medical problems could draw them into court facing an ADA claim based on a perceived disability." Kramer v. Hickey-Freeman, Inc., 142 F. Supp. 2d 555, 560 (S.D.N.Y. 2001) (internal quotation marks and alteration omitted).

5

reason as Price's FMLA retaliation claim, discussed <u>infra</u>.

3.    <u>EPA Claim</u>

To defeat summary judgment on her EPA gender discrimination claim, Price was required to adduce evidence demonstrating, <u>inter alia</u>, that her employer paid different wages to employees of the opposite sex who performed equal work in positions requiring comparable skill, effort, and responsibility. <u>See</u> <u>Lavin-McEleney v. Marist Coll.</u>, 239 F.3d 476, 480 (2d Cir. 2001). Price failed to point to evidence that would allow a reasonable jury to make this finding with respect to her chosen male comparators, Steven Steinberg and Robert Cleary. Price has made no attempt to demonstrate that she and Steinberg performed equal work in substantially equal positions. As to Cleary, Price points to Mario Nozzolillo's testimony that he could not recall whether there were different levels of billers at the hospital and did not understand the difference between senior billers—Cleary's title—and junior billers—Price's title. Cleary, however, did not work in Nozzolillo's department, and there is no evidence that Nozzolillo oversaw the work of any other senior billers. Thus, his professed ignorance is insufficient to support a reasonable jury inference that Price and Cleary occupied substantially equal positions.

Indeed, other record evidence is to the contrary. Defendant Megan Morgan, the Program Administrator in Price's department, testified that senior billers at Mount Sinai performed significantly more complex tasks than junior billers, including processing complex and voluminous medical bills, writing off contractual adjustments, and appealing insurance coverage denials. Thus, while we have indicated that questions regarding the equivalence

6

of two positions pursuant to an EPA claim are best left to the trier of fact, see id. at 480, where, as here, there was no basis in the record for the equivalency argument advanced by Price, the district court correctly awarded summary judgment.

4.    FMLA Retaliation Claim

As the district court correctly concluded, Price's claim that she was fired in retaliation for taking FMLA leave was defeated by Mount Sinai's proffer of a non-retaliatory explanation for the termination.  Price was unavailable to work after her 12-week FMLA period expired.  See Hale v. Mann, 219 F.3d 61, 70 (2d Cir. 2000) (finding no basis for FMLA retaliation claim where plaintiff was terminated after taking full 12-week leave). Mount Sinai explained that it terminated Price so that it could begin the search for a new employee to fill her position.  Though Price suggested that this explanation was a pretext because Mount Sinai never actually replaced her, the only record evidence demonstrated that Mount Sinai did promptly seek and hire a replacement for Price.  Thus, Price's conclusory pretext claim necessarily failed.


5.    Conclusion

For the foregoing reasons, the district court's award of summary judgment is AFFIRMED.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

7